UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK WALKER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF CONTRA COSTA, ET AL.,<br><br>　　　　Defendants.<br>And Related Case<br>_____/ | No. C 03-3723 TEH (JL)<br>　　 C 05-2800 TEH (JL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Docket # 17 in C-05-2800)** |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Thelton E. Henderson) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72**.** Plaintiff's motion to compel production of documents came on for hearing. Pamela Price, and Ok-Hee Shim, PRICE & ASSOCIATES, appeared for Plaintiff Clark Walker. Bernard Knapp, Deputy County Counsel, appeared for Defendant Richard Grace. The Court considered the moving and opposing  papers and the arguments of counsel and hereby orders that Plaintiff's motion be granted in part. Compliance is due within ten days of the e-filing of this order.

## Factual Background

Clark Walker is a Battalion Chief with the Contra Costa County Fire Protection District ("CCCFPD"). In 2000 and again in 2003 Mr. Walker, an African American, was passed over for promotion to the position of Assistant Fire Chief. In 2000 a more senior applicant filled the position and in 2003 two outside candidates, both Caucasian males, were also hired. Defendant Keith Richter, the CCCFPD Fire Chief since 1998, was partially responsible for hiring Assistant Fire Chiefs in both 2000 and 2003. Walker filed a claim with the California Department of Fair Employment and Housing ("DFEH") in 2003 after he lost the promotion. Walker contends that Defendants Richter and the County's failure to promote Mr. Walker is consistent with a pattern and practice of discrimination and promotion-bias against women and minority employees within the FPD. Walker was later investigated and disciplined for his conduct at a fire and filed a new claim for retaliation.

## Procedural Background

On December 18, 1975 the County entered into a Consent Decree requiring it to take affirmative action to promote women and minorities in job classifications where they are not proportionally represented. *Croskrey v. Contra Costa County*, U.S. District Court Case No. C 73-0906. The Consent Decree is still in effect in Contra Costa County and is assigned to Judge Spero. Ms. Price, Walker's attorney in the case at bar, is the attorney for the plaintiffs in the *Croskrey* case.

Plaintiff Clark Walker filed charges with the Equal Employment Opportunity Commission ("EEOC") before bringing this suit and received his right to sue letter on June 13, 2003.

Walker filed this race discrimination suit against Contra Costa County and Keith Richter in his individual capacity on August 8, 2003. Walker alleges discrimination in violation of 42 U.S.C. §1981 against both Defendant Richter and the County. Against Defendant Richter alone Walker alleges race discrimination in violation of §1983. Against the County alone Walker alleges two Title VII violations, race discrimination and retaliation,

as well as a violation of §1983 based on the County's custom, policy and practice of discrimination.

Defendants answered Walker's complaint on December 12, 2003 denying all allegations and asserting twelve affirmative defenses including that "plaintiff's claims are barred because CCCFPD took and had taken reasonable steps to prevent and promptly correct any discrimination and/or harassment in the workplace, and plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by the CCCFPD or avoid harm otherwise." Defendant demanded a jury trial.

The parties had several settlement conference with Magistrate Judge Joseph Spero, the most recent in October 2005, but the case did not settle at that time.

Walker filed a new case, C-05-2800 on July 7, 2005, alleging a new claim against the same defendants for retaliation, contending that he was subjected to an investigation and disciplinary action as a result of his earlier complaint of discrimination.

In January 2006 this case was consolidated with C-05-2800. Discovery cut-off was July 31, 2006. Jury trial is set for eleven days commencing November 14, 2006, with liability and damages being tried concurrently. (Docket # 121)

Defendant Richard Grace is an Assistant Chief of the Contra Costa County Fire department. Walker sues Grace in his individual capacity as well as his official capacity and contends that Grace was instrumental in subjecting him to retaliatory investigation and discipline.

## This Motion

Walker propounded requests for production of documents and filed a statement of discovery dispute seeking personal financial documents to verify Defendant Grace's financial status in support of Walker's claim for punitive damages. Grace objects to:

1) The temporal scope of the requests. He does not want to produce documents as far back as June 1, 2003, one year prior to the earliest event giving rise to the claims against him. He is willing to produce documents dating from that event, July 1, 2004.

1    2) The characterization of some of the requested documents as those "relating to"
2 Defendant Grace's "monthly expenditures," including among other things records of
3 "medical expenses, groceries, utilities [and] household expenses." (Document Request No.
4 7) Grace objects on the basis of invasion of privacy and burden.

5    3) The request for account numbers for such financial entities as bank and
6 brokerage accounts. Again, Grace objects to this request as an invasion of his personal
7 and financial privacy. Grace is willing to produce the financial records after redacting social
8 security numbers, account numbers and other personal identifying information. Some
9 examples of responsive documents include appraisal and loan applications relating to
10 Grace's personal residence, W-2 and 1099 tax reporting forms, his monthly retirement
11 account, bank, mortgage, loan and credit card statements, homeowners and auto
12 insurance premium notices, automobile title documents and a support order.

13    Walker responds that there is a protective order in this case which addresses
14 Grace's privacy concerns and that Grace's financial condition is relevant, indeed crucial, to
15 Walker's claim for punitive damages and Walker's evaluation of the settlement value of the
16 case. He says information about both assets and expenses is necessary for an accurate
17 assessment of Grace's financial standing and it is Walker's burden to demonstrate Grace's
18 net worth for any calculation of an award of punitive damages. Walker assumes Grace will
19 try to rebut Walker's characterization of his net worth and Walker needs accurate
20 information to support his claim. He contends that information spanning several years is
21 necessary for an accurate and credible assessment of Grace's financial condition. Walker
22 can only verify the information Grace provides if he has the pertinent account numbers.

### Analysis and Conclusion

24    1) The temporal scope of the requests.

25    Grace does not want to produce documents as far back as June 1, 2003, one year
26 prior to the earliest event giving rise to the claims against him. He is willing to produce
27 documents dating from that event, July 1, 2004. The Court fails to see, since Grace fails to
28 demonstrate, how much more burdensome one year's worth of information would be to

1  produce. Grace claims that there is no "complex financial tangle," that he has only worked
2  as a firefighter and a salaried civil servant and that therefore his financial affairs are
3  relatively simple. If so, then one more year's worth of records should not be overly
4  burdensome to produce. The Court considered the privacy concern, which Grace stated at
5  the hearing was his primary objection, and finds that Walker's need for the documents
6  outweighs Grace's privacy concern, especially with a protective order. The burden on
7  Grace is also outweighed by the burden of proof on Walker to justify an amount of punitive
8  damages.

9  2) The characterization of the requested documents as those "relating to" Defendant
10 Grace's "monthly expenditures," including among other things records of "medical
11 expenses, groceries, utilities [and] household expenses." (Document Request No. 7)

12 Grace objects on the basis of invasion of privacy and burden. He cites *Oakes v.
13 Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D.Cal. 1998) for the proposition that the
14 Court must balance Walker's need against Grace's privacy. The Court finds that Walker
15 has the burden of proof to justify his claim for punitive damages and that the information he
16 needs is in Grace's sole possession. Balancing need against privacy, especially with a
17 protective order in place, leads to the conclusion that a compromise, for example for Grace
18 to produce summaries of each category of his monthly expenses for the time period in
19 question, would significantly reduce Grace's burden of production, if he does not need to
20 produce every grocery store receipt.

21 3) The request for account numbers for such financial entities as bank and
22 brokerage accounts.

23 Again, Grace objects to this request as an invasion of his personal and financial
24 privacy. There is a protective order in place in this case, which prevents Grace's personal
25 financial information from being public. Grace is willing to produce the financial records only
26 after redacting social security numbers, account numbers and other personal identifying
27 information.
28

Walker responds that disclosure of Grace's account numbers, under cover of the protective order, increases the reliability of the information and ensures that Walker has the ability to confirm the veracity of the information. Without account numbers, Walker has no way to independently verify the information.

This Court finds that Grace's privacy interest outweighs Walker's need to independently verify information which Grace will provide to him under penalty of perjury. The Court therefore finds that the account and social security numbers are unnecessary without a strong indication of unreliability of the financial information which Grace will provide. This ruling is without prejudice to a renewal of Plaintiff's motion should he find such an indication. In addition, the trial court can deal with any discrepancy between discovery and evidence presented at trial.

For all the above reasons, Walker's motion to compel production of documents is granted in part as stated above. Compliance is due within ten days from the e-filing of this order.

IT IS SO ORDERED.

DATED: August 3, 2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\03-3723\ord-GrantInPart 17.wpd